UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA WANG,

            Plaintiff,

    v.

LB INTERNATIONAL INC., et al.,

            Defendants.

CASE NO. C04-2475JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendant J. Kinderman & Sons, Inc.'s (d/b/a Brite Star Manufacturing Co.) ("Kinderman") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Improper Venue (Dkt. # 13).[1]  Having read and considered all papers filed in support of and in opposition to this motion, the court DENIES Defendant's motion without prejudice and stays the proceedings in this case for 45 days until the parties have conducted limited discovery regarding personal jurisdiction.

## II.  BACKGROUND

Plaintiff Jessica Wang ("Wang") is a United States citizen residing in Taiwan. Wang invented and owns two U.S. patents related to lighted holiday displays.  Wang alleges that Defendants L.B. International Inc., Kinderman, and Brite Star Distributors,

---

[1] Although Defendant's motion is entitled "Motion to Dismiss for Lack of Subject Matter Jurisdiction," the substance of the motion indicates that it is a motion to dismiss for lack of *personal* jurisdiction.  Def.'s Mot. at 1.

ORDER – 1

Inc. infringed on her patents by manufacturing, importing, and/or offering to sell lighted holiday displays, including "Santa's Christmas Magic" display and Brite Star lighted sculptures. Compl. at 3.

Kinderman is a Pennsylvania corporation with its principal place of business in Philadelphia, and contends that it does not conduct business in Washington, nor does it have any employees, facilities, or property in Washington. Kinderman alleges that it does not derive substantial revenue from sales in Washington and that any sales of the accused products to Washington were made by Brite Star International, a non-party to this action. Kinderman seeks to dismiss this action, arguing that this court lacks personal jurisdiction or, in the alternative, proper venue.

### III. DISCUSSION

**A.     Kinderman's Motion to Dismiss for Lack of Personal Jurisdiction.**

**1.     Legal Standard**

Federal Circuit law governs the determination of personal jurisdiction in patent infringement actions. 3D Sys. Inc. v. Aarotech Lab., Inc., 160 F.3d 1373, 1377-78 (Fed. Cir. 1998). The plaintiff bears the burden of establishing that personal jurisdiction exists by alleging facts that, if true, are sufficient to establish jurisdiction. Electronics for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1350 (Fed. Cir. 2003). When "additional facts are likely available to assist the court in making the jurisdictional determination," the court may order the parties to conduct discovery for jurisdictional purposes only. Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315 (Fed. Cir. 2005); see also, Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977) ("Discovery may appropriately be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.").

ORDER – 2

**2.    The Affidavits Submitted by the Parties are Insufficient for the Court to Determine Whether it can Properly Exercise Personal Jurisdiction over Kinderman.**

The facts in this case, as submitted by the parties, stand in stark contrast. On one hand, Wang alleges that Kinderman has sold tens of thousands of the accused products through at least three major nationwide retail chains (ACE Hardware, True Value, and Rite Aid) which sell the products in Washington. Costanza Decl. at 2; Wolf Decl. at 3. Wang attached copies of photographs to her complaint of the allegedly infringing products being sold in Washington retail stores to support her claim that Kinderman's products are actually being sold in Washington.[2] Compl., Exh. D. Wang also alleges that Kinderman sells the accused products (at wholesale and retail levels) through its website. Baca Decl. at 2, 3. Finally, Wang asserts that if Kinderman did not directly sell the products to the retail chains, it at least brokered such sales, or was involved with the "promotion, branding, importation, distribution and post-sales servicing of the accused products." Pl.'s Resp. at 8.

On the other hand, Kinderman argues that it has never made, sold, or offered for sale the allegedly infringing lighting displays in Washington, nor sold them to companies that it understood would sell the products in Washington. Kinderman Decl. at 2; 2nd Kinderman Decl. at 1. Any such sales, according to Kinderman, were made by Brite Star International, a non-party in this case.[3] Kinderman further contends that the products depicted in Exhibit D of the Amended Complaint, the Animated Feeding Doe and Crystal Feeding Buck, are neither advertised nor sold on its website. However, Kinderman does

---

[2] The photographs attached to Wang's complaint in Exhibit D are extremely difficult to review. The court directs Plaintiff to submit clearer copies for the court's record indicating where the pictures were taken.

[3] Neither party suggests how Kinderman (d/b/a Brite Star Manufacturing) relates to Brite Star International.

ORDER – 3

not appear to dispute Wang's allegations that other allegedly infringing products, including the Animated Crystal Doe, Crystal Jumping Buck, Crystal Buck, Turning Head Buck, Snowman, and French Country Feeding Doe, are sold on Kinderman's website. Baca Decl., Exh. A, B, and D.

The parties' dispute over whether this court can properly exercise personal jurisdiction over Kinderman turns largely on conflicting views of the facts. The pleadings and other materials submitted by the parties, including sworn affidavits, reveal that pertinent facts bearing on the question of jurisdiction are either controverted or missing from the record. In order for the court to determine whether it can exercise personal jurisdiction over Kinderman, a more satisfactory showing of the facts is necessary.

### IV. CONCLUSION

For all of the reasons stated above, the court DENIES Kinderman's motion to dismiss (Dkt. # 13) without prejudice and stays proceedings in this case for 45 days so that the parties may conduct limited discovery on the issue of personal jurisdiction. The court DENIES Kinderman's alternative motion to dismiss based on improper venue, and Kinderman's request for attorney's fees, as moot. Following discovery, the motion may be refiled so this issue can be resolved.

Dated this 11th day of April, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 4