1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA WANG,

            Plaintiff,

   v.

LB INTERNATIONAL INC., et al.,

            Defendants.

CASE NO. C04-2475JLR

ORDER

## I.   INTRODUCTION

This matter comes before the court on Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. # 50).  Having considered all of the papers filed in connection with the motion, the court GRANTS Defendants' motion.

## II.   BACKGROUND

Plaintiff Jessica Wang ("Wang"), a United States citizen residing in Taiwan, invented lighted holiday displays and owns two U.S. patents related to them.  Wang authorized Toyo Electronic Manufacturing Co., a Taiwanese company, to manufacture and distribute products under her patents.  Wang alleges that Defendants Kinderman & Sons, Inc., doing business as Brite Star Manufacturing (collectively "Kinderman"), and Brite Star International, Ltd. ("BSIL") infringed on her patents by manufacturing, importing, using, and selling similar lighted holiday displays.

ORDER – 1

Kinderman is a Pennsylvania corporation with its principal place of business in Philadelphia, where it designs, manufactures, distributes, and sells holiday decorations. Kinderman does not own or operate any facilities in Washington, or have any employees who work or reside in Washington.  BSIL is located in Hong Kong and primarily distributes holiday decorations.  Defendants have certain common officers and directors. Because the "center of gravity" of the alleged infringements is in Philadelphia, Defendants seek to transfer this action under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Pennsylvania.

### III.    DISCUSSION

**A.    Legal Standard**

A district court may transfer a civil action to another district where it might have been brought if it is for the parties' and witnesses' convenience and in the interest of justice.[1]  28 U.S.C. § 1404(a).  Under § 1404(a), the court has broad discretion to decide when considerations of convenience and fairness warrant a transfer of venue.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  The court must weigh multiple factors to determine whether transferring venue is appropriate: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party

---

[1]In civil patent infringement suits, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Kinderman's principal place of business is in Philadelphia, where the accused products were designed, manufactured, distributed, and/or sold.  Therefore, the court finds that this action could have properly been brought in the Eastern District of Pennsylvania.

ORDER – 2

witnesses; and (8) the ease of access to sources of proof.  <u>Id</u>. Above all, the transfer must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."  <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 645-46 (1964).

**B.     Motion to Transfer Venue**

The court finds that the first two <u>Jones</u> factors are neutral with respect to venue. The present case does not involve the negotiation or execution of documents.  Further, the action arises under U.S. patent law, so neither state is more familiar with the governing law.  In balancing the remaining factors, the court concludes that a transfer of venue is appropriate.

### 1.     Plaintiff's Choice of Forum

Although there is a general presumption in favor of the plaintiff's choice of forum, a foreign plaintiff's choice of forum deserves less deference than that of a domestic plaintiff.  <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508 (1947); <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 256 (1981).  Courts usually will not disturb a plaintiff's choice of forum unless the "convenience" and "justice" factors strongly favor venue elsewhere. <u>Securities Investor Prot. Corp. v. Vigman</u>, 764 F.2d 1309, 1317 (9th Cir. 1985).  Here, Wang does not reside in Washington or the United States, and as a result, the court gives Plaintiff's forum choice less deference than that given to the forum choice of a domestic plaintiff.  <u>Ravelo Monegro v. Rosa</u>, 211 F.3d 509, 514 (9th Cir. 2000).  Nonetheless, the court finds that Plaintiff's choice of forum weighs towards maintaining the case in this district.  <u>Id</u>. ("less deference is not the same thing as no deference").

### 2.     Respective Parties' Contacts with the Forum and the Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum

With the exception of this action, the parties' contacts with Washington are almost nonexistent.  Wang is a resident of Taiwan, and Defendants Kinderman and BSIL have

ORDER – 3

their principal places of business in Philadelphia and Hong Kong, respectively.  The only connection the parties have to this forum stems from the sale of the allegedly infringing products.  Although Wang argues that the allegedly infringing acts took place in Washington and that Defendants sold at least tens of thousands of dollars of infringing products to retailers in this district, Wang fails to acknowledge that this same situation exists in potentially any district in the United States where Defendants' products are sold.  Costanza Decl. ¶ 7.  Given that the infringing products are sold through national retail chains, the court is not persuaded that the Western District of Washington is in any better position to hear this case than the Eastern District of Pennsylvania.

Further, Defendants' substantial contacts with the Eastern District of Pennsylvania favor transferring the case.  Kinderman resides and has its principal place of business in Philadelphia, Pennsylvania.  Kinderman Decl. ¶ 1-2.  As Kinderman is the source of the allegedly infringing products, the Eastern District of Pennsylvania has "local interest in having localized controversies decided at home."  Piper Aircraft, 454 U.S. at 241 n.6.  Because Plaintiff also seeks an injunction, the court finds that the Eastern District of Pennsylvania will be better able to monitor compliance with any injunctive order.  Law Bulletin Pub., Co. v. LRP Publ'ns, Inc., 992 F. Supp. 1014, 1021 (N.D. Ill. 1998).  The parties' lack of contact with the forum, including those related to the cause of action, supports transferring the case.

**3.     Ease of Access to Sources of Proof**

While Wang argues that most of the evidence consists of documents or electronic files that can be easily transmitted to the Western District of Washington, the court finds that the majority of the parties implicated in this case and the physical evidence are located in the Philadelphia area.  The three individuals most familiar with the marketing and development of the accused products reside in Philadelphia and New Jersey.

ORDER – 4

Kinderman Decl. ¶ 16.  Kinderman's President and CEO resides in Philadelphia and is allegedly unable to travel due to a medical condition.  Id. at ¶ 19.  Defendants directed the development of the accused products from Philadelphia and store early models of the accused products in Philadelphia.  Id. at ¶ 23. Further, Defendants distribute the accused products through the Brite Star catalog and website, which are managed and published in Philadelphia.  Id. at ¶¶ 20-21.  Finally, Wang fails to identify specific witnesses who would be inconvenienced by traveling to the Eastern District of Pennsylvania.  Thus, the court finds that the ease of access to proof favors a transfer to Pennsylvania.[2]

**4.     Differences in the Costs of Litigation in the Two Forums**

In balancing the costs of litigation, the court finds that Defendants' costs outweigh those of the Plaintiff.  Wang argues that she would be significantly inconvenienced if forced to travel to the eastern United States after already traveling from Taiwan to Seattle. Wang Decl. ¶ 4.  According to Wang, the increased travel time and difference in time zones pose significant hardships.  Id.  While the court recognizes that the increased travel time will impact Plaintiff, the court does not find that the minimal increase in travel time and time zones outweigh Defendants' potential costs.  Wang also argues that seeking local counsel in Philadelphia will increase her costs.  Consistent with other courts, the court declines to consider this argument when deciding a motion to transfer.  E.g., In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003).  Thus, the court finds that Defendants' costs in securing witnesses and transferring documents, records, and other evidence to this district outweigh Plaintiff's costs of litigating in Pennsylvania,

---

[2]The attendance of non-party witnesses at trial may be compelled only by issuing subpoenas in the judicial district where the trial will take place, or at any location outside the district if that location is within 100 miles of the trial location. Fed. R. Civ. P. 45(b)(2).  As the Defendants have identified a non-party witness residing in the Philadelphia area whom the Western District of Washington may not compel to appear, the court finds that this factor also favors transfer.

ORDER – 5

particularly given that Wang has already acquiesced to trans-Pacific travel and time zone differences to prosecute her suit.

### 5.     Interests of Justice

Plaintiff argues generally that judicial economy and the interests of justice favor maintaining the present action in the Western District of Washington.  Although the court has previously considered Kinderman's motion to dismiss (Dkt. # 13), it has not addressed the merits of the case.  Therefore, a transfer would not significantly impair judicial economy.[3]  Similarly, the interests of justice do not dictate that this court maintain jurisdiction over the case.  As discussed previously, Pennsylvania has a much stronger connection to this case than Washington.  Most of Defendants' business activities occur in Philadelphia and most of the documents, evidence, and witnesses associated with the case are located there.  Accordingly, these factors weigh in favor of transfer.

Further, although the court is aware of Wang's pending Motion for Preliminary Injunction (Dkt. # 45) and appreciates its concern with the upcoming holiday season, the court refrains from considering the motion.  In seeking a preliminary injunction, Wang must demonstrate four factors: (1) a reasonable likelihood of success on the merits; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships favoring injunctive relief; and (4) that the injunction has a favorable impact on the public interest.  Reebok Intern. Ltd. v. J. Baker, Inc., 32 F.3d 1552, 1555 (Fed. Cir. 1994).  As a result, the court must consider the alleged infringement claims and issue preliminary findings of fact and conclusions of law regarding claim construction, patent infringement, and patent

---

[3]Defendants' argument that transferring this case is appropriate based on the approximately 200 fewer pending cases before Pennsylvania judges, is unavailing given that civil cases go to trial in approximately the same time in both jurisdictions.  Fricke Decl. Ex. D and E.

ORDER – 6

invalidity.  See Oakley, Inc. v. Sunglass Hut Int'l, 316 F.3d 1331, 1339 (Fed. Cir. 2003)

(citations omitted).  The court hesitates to enter such findings and potentially bind the

transferee court on the eve of transferring the case.  Thus, the court finds that five of the

six relevant Jones factors are in favor of transfer.

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS Defendants' Motion to Transfer

Pursuant to 28 U.S.C. § 1404(a) (Dkt. # 50) and directs the clerk to transfer this action

and the pending Motion for Preliminary Injunction (Dkt. # 45) to the Eastern District of

Pennsylvania.[4]

Dated this 29th day of August, 2005.

JAMES L. ROBART
United States District Judge

---

[4]The court denies without prejudice Defendants' related motion to file a surreply and
request to conduct an evidentiary hearing (Dkt. # 76).

ORDER – 7